IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2009

## IN RE: THE ADOPTION OF GRACIE M.M.

**Direct Appeal from the Chancery Court for RutherfordCounty
No. 08-1124AD     Robert E. Corlew, III, Chancellor**

———

**No. M2009-01609-COA-R3-PT - Filed January 5, 2010**

———

This is an appeal from a termination of parental rights. Finding that the termination was contested and that the trial court failed to appoint a guardian ad litem, we vacate the order of the trial court and remand

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and ANDY D. BENNETT, J., joined.

Gary D. Beasley, Murfreesboro, Tennessee, for the appellant, David M.

David L. Scott, Murfreesboro, Tennessee, for the appellees, Adam Z. and Jennifer Z.

## OPINION

Jennifer Z., the biological mother, and Adam Z., the step-father (collectively "Appellees") filed a Petition for adoption on August 13, 2008, seeking to terminate the parental rights of David M. ("Father") so that the step-father could adopt the minor child. Father, in response, sent a letter to the trial court contesting the termination of his parental rights and asking for the court to appoint a lawyer to represent him in this proceeding.[1] Father, subsequently filed an answer on September 8, 2009, stating that he was the father of the child at issue, asking for child support and visitation to be set, and asking that his parental rights not be terminated. On October 20, 2009, the trial court entered an order finding Father to be indigent and incarcerated and appointing an attorney to represent him in the termination proceeding.[2]

---

[1] Father was incarcerated throughout this action.

[2] Father is represented by different appointed counsel on this appeal.

A trial was held on June 18, 2009 and the trial court entered a Memorandum Opinion on June 19, 2009, finding, by clear and convincing evidence, that the child had been abandoned by Father and that it was in the child's best interest to terminate his parental rights. An order was entered on July 2, 2009 confirming the trial court's ruling. A guardian ad litem was never requested by either party, nor was one ever appointed for the minor child.

Father appeals from the decision of the trial court, raising one issue for our review:

> Whether the trial court erred by failing to appoint a guardian ad litem
> for the minor child in a contested termination of parental rights case?

The Tennessee Supreme Court has made it mandatory that a guardian ad litem be appointed in a proceeding to terminate parental rights, when the termination is contested. Tenn. S. Ct. R. 13 § 1(d)(2)(D); *see also* **Lyon v. King**, No. M2007-001156-COA-R3-PT, 2008 WL 490657 (Tenn. Ct. App. 2008); **In re A.D.C.**, No. E2006-00771-COA-R3-PT, 2007 WL 677882 (Tenn. Ct. App. 2007); **In re the Adoption of a Male Child**, **D.P.E.**, No. E2005-02865-COA-R3-PT, 2006 WL 241-7578 (Tenn. Ct. App. 2006); **In re T.B.L.**, No. M2005-02413-COA-R3-PT, 2006 WL 1521122 (Tenn. Ct. App. 2006). "This is mandatory even if no one requests that a guardian ad litem be appointed." **In re A.D.C.**, 2007 WL 677882 at *1. Father contested the termination of his parental rights throughout the proceedings in this case. Consequently, because the trial court failed to appoint a guardian ad litem, we must vacate the judgment of the trial court and remand for appointment of a guardian ad litem and a new trial.

We vacate the termination of Father's parental rights and remand. Costs of this appeal are assessed to the Appellees, Jennifer Z. and Adam Z., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.